# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-530 PA (JEMx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | Fortune Mfg. Co., Ltd. v. Zurn Industries, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION

The Court has reviewed the First Amended Complaint filed by plaintiff Fortune Mfg. Co., Ltd. ("Plaintiff") against defendant Zurn Industries, LLC ("Defendant"). Plaintiff alleges that this Court possesses jurisdiction over this action based on both the existence of a federal question and diversity of citizenship.

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004). Parties cannot agree to jurisdiction nor can they "waive" a lack of jurisdiction. Id. at 966–67. Courts may consider the issue sua sponte. Demery v. Kupperman, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984).

The party asserting jurisdiction bears the burden of proof. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857–58 (9th Cir. 2001). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Id. at 857. "[A] plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case . . . ." Smith v. McCullough, 270 U.S. 456, 459, 46 S. Ct. 338, 339, 70 L. Ed. 682 (1926).

The First Amended Complaint alleges that Defendant "is a limited liability company duly organized and existing under the laws of Delaware." The citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-530 PA (JEMx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | Fortune Mfg. Co., Ltd. v. Zurn Industries, LLC | | |

  Because the First Amended Complaint does not allege the citizenship of each of Defendant's members, Plaintiff has not adequately alleged the citizenship of Defendant. As a result, Plaintiff's invocation of the Court's diversity jurisdiction is insufficient. The Court therefore orders Plaintiff to show cause in writing why the First Amended Complaint's diversity jurisdiction allegations should not be stricken. Plaintiff's response to this order to show cause shall be filed by May 3, 2011.

  IT IS SO ORDERED.